S. T. FRANCIS, Executor, v. Heirs at Law of MRS. ABB E. THOMAS.

Western Section. June 22, 1928.

No petition for Certiorari was filed.

44

Thomas & Francis, of Dresden, for appellant.
Ed Thomas, of Fulton, Kentucky, for appellee.

OWEN, J. The appellant, T. S. Francis is the executor of the last will and testament of Mrs. Abb E. Thomas. It appears that on the — day of September, 1924, Mrs. Abb E. Thomas, a widow without any living children or the representatives of children, died testate at her home in Weakley county, Tennessee. This bill was filed by her executor against a large number of distant relatives as being her heirs-at-law and next of kin to construe the following will, which was executed by the said Mrs. Abb E. Thomas about two years before her death, and which will was duly probated in the county court of Weakley county, to-wit:

"I, Mrs. Abb E. Thomas, do make and publish my last will and testament, hereby revoking and making void all others by me at any time made.

"First: I direct my funeral expenses and all my just debts be paid as soon after my death as possibly out of any moneys that I may die possessed of or that may first come into the hands of my executor.

"Second: I give and bequeath to Good Spring Church situated in the 13th Civil District of Weakley county, Tennessee, the sum of $1000 the same to be a trust fund and held in trust as hereafter set out. As soon after my death as it is convenient I direct that there be a meeting of the members of said church or such a number of them as can conveniently meet and that said meeting be presided over by the pastor of said church or Calvin Orr and that they select a suitable person to handle said trust fund, the one so selected to give bond with security that he will properly handle said trust fund. One-third of the interest derived from said trust fund shall be annually expended by the custodian of said fund on the upkeep of the burial lot of myself and family, said lot being situated near the center of the Old Colonial Graveyard, and upon which is erected a granite monument bearing the name of Larkin Williams Thomas and also markers bearing the name of L. P. Thomas, Net Thomas, E. Boaz, and M. A. Thomas; and I further direct that said custodian of this fund shall keep said burial lot enclosed in a good iron fence even though there is not money enough in

his—from the funds herein provided to have the same cleaned off and the fence put up,—it is my desire that the putting up of the fence shall have preference,—the other two-thirds of the interest derived from the said trust fund to go to pay the salary of the pastor of the said Good Springs Church. All payments to be made annually and in the event that the said Good Springs Church should become defunct and no longer exist as a church, then and in that event all of the interest derived from said fund shall be applied to the upkeep of the old graveyard, the part known as the Old Colonial part.

. "Third: I give and bequeath to Pleasant Hill Church, situated on the state road about one and one-half miles southeast of the town of Water Valley in Graves county, Kentucky, the sum of $1000 and direct my executor to pay that amount to the Stewards of said church, for the use and benefit of said church and by them to be used in any way the majority of the members of said church may direct and my executor is directed to pay such sum as soon as possible after having first set aside the trust fund of $1000 to Good Springs Church and the graveyard above provided for.

"Fourth: I give and bequeath to the Methodist Church at Dukedom, Weakley county, Tennessee, the sum of $1000 the same to be a trust fund and held in trust for the use and benefit of said church and the custodian of said fund shall be selected by the members of said church in the same manner as the custodian of the fund set aside for Good Spring Church and in the event the pastor of said church cannot preside at said meeting, then Riley Roberts, or any of the deacons of said church may preside. The custodian of said fund shall give bond with security to properly handle said trust fund, and to apply the interest derived from said fund annually to help pay the salary of the pastor of said church and in the event the said church should become defunct and no longer exist as a church, then the corpus or bond of said trust fund shall be paid by the custodian of said fund to the proper authorities of the conference which controls said Dukedom Church and by them placed to the credit of the Centenary Fund of the Methodist Episcopal Church and the fund thereby extinguished.

"Fifth: I give and bequeath the remainder of my estate, if there be any, to the Centenary Fund of the Methodist Episcopal Church and direct that as soon as possible that my executor pay any residue that may be in his hands of my estate after he has paid to the proper persons the bequests heretofore made, to the proper official of the Memphis Conference of the Methodist Episcopal Church and by them to be placed to the credit of the Centenary Fund of said church.

"Sixth: I direct my executor to pay the above bequests in the order named,—that is to say, that the full amount given to Good

Spring Church shall first be paid in full, then the amount given Pleasant Hill Church next and in that way continue until my entire estate is exhausted.

"Last: I hereby nominate and appoint T. S. Francis as my executor after he giving bond as required by law.

"(Signed)     Mrs. Abb E. Thomas."

The will was duly witnessed by D. A. Webb and B. A. Winston. The defendants filed an answer and cross-bill seeking to have declared void the bequests mentioned in the testatrix' will, and proof was heard.

We should state that the bill also sought to have a certain house and lot in the town of Dukedom sold, which house and lot was acquired by the testatrix after the making of her will. It appears that a consent decree was entered permitting the executor to sell the house and lot. Upon the hearing the Chancellor held that the second, third and fourth clauses of said will are invalid. The court was of opinion that the fifth clause of said will was good and valid.

From this decree the defendants excepted and prayed an appeal, but did not perfect the same. The complainant has filed the record for error. The case was determined in the lower court on the 19th day of July, 1927. The appellant, (the executor) assigns as error the decree of the Chancellor in holding that the second, third and fourth clauses of said will were void. Counsel for appellant rely upon chapter 137 of the Acts of 1917. Section 1 of said Act is as follows:

"That no trust heretofore or hereafter created, having for its object the aid of the poor or the promotion of morality, education or religion, shall fail, because an attempt to create it in perpetuity or for a lack of a trustee; and in case of no provisions therefor, or a provision deemed insufficient for any reason, or in case of a failure of the original trustee, or any successor to act so as to carry out, and keep alive the provision of the trust, it shall be lawful and sufficient therefor, for any person upon notice of the intention to do so posted for four consecutive weeks at the courthouse door of any county or city, wherein the real estate or any part thereof is situated if real estate be involved in the trust, and if not, then in any county or city where any of the personal property involved is to be found to appear at a court in said courthouse to be held and at the time fixed in such notice, before a Chancellor, judge or chairman of the county court, or before the presiding officer of any court of record to be so held which may be hereafter created, such appearance to be before the court in open session when by motion and appropriate orders to be entered upon the record of such court, a trustee or trustees, shall be appointed, to carry out any such trust,

or fill any vacancy, so as to keep such trust alive, and prevent the failure thereof.

"Sec. 2. Be it further enacted, that in the event of the failure sooner, of any private person to take steps therefor, under the provisions of this Act, it is made the duty of any Chancellor, judge or presiding officer of any court of record sitting where said motion could or should be made as aforesaid and to whose knowledge information of the necessity therefor may have come, to cause the clerk of the court to give said notice and thereafter the court shall, on its own motion, and in like manner do all things necessary for the appointment of a trustee, or trustees, to the end that no such trust shall fail as aforesaid.

"Sec. 3. Be it further enacted, that the provisions hereby shall not supercede, but shall be deemed to be cumulative too, any existing remedy or statute, now in force having for its object the same or like purpose."

The answer of the defendant avers that the churches named in the second, third and fourth clauses of said will are not voluntary bodies or voluntary associations and neither one of the three is incorporated; therefore they have no legal existence or identity and it was uncertain in which church was referred to or meant.

The proof shows that Pleasant Hill Church is situated about one mile nearly south of Water Valley, Graves county, Kentucky, on the State Road; that said church is a Methodist Episcopal Church, South, and that it is the same church referred to by the testatrix. The proof further shows that the testatrix was at one time a member of this church. The proof also shows that the testatrix was a member of the Methodist Church at Dukedom and at the Good Springs Church, situated in the 15th Civil District of Weakley county, Tennessee, and that the family burial lot is located near this church. So that the record discloses the three churches and thoroughly identifies them and establishes a close relationship between the testatrix and these three church organizations.

We are of opinion that clauses 2, 3 and 4 of the testatrix will are valid by virtue of chapter 137 of the Acts of 1917. It was stated at the hearing of this cause that counsel and the Chancellor had overlooked this Act when this will was up before the learned Chancellor for construction.

It results that the decree of the Chancellor is reversed and that all of the clauses of the testatrix' will are sustained. The cause will be remanded to the chancery court of Weakley county for the purpose of disposing of the real estate as decreed by the Chancellor and for the purpose of distributing the funds in the executor's hands, according to the terms of the will of Mrs. Abb. E. Thomas, and for the appointment of a trustee or trustees by the chancery court, if necessary, as provided by chapter 137 of the

48

Acts of 1917, for the purpose receiving the bequests mentioned in clauses 2, 3, and 4 of said will and for such other and further orders as may be necessary to carry out the will of Mrs. Abb. E. Thomas.

The cost of the lower court and the cost of the appeal will be paid by the executor out of any funds. in his hands belonging to the estate of Mrs. Abb. E. Thomas.

Senter and Heiskell, JJ., concur.